IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

———————

WILLIAM B. RUSHING,

        Plaintiff,

v.   No. CIV 04-1331 BB/LFG

UNITED STATES OF AMERICA; ANN M. VENEMAN, in her official capacity as Secretary of the U.S. Department of Agriculture; UNITED STATES DEPARTMENT OF AGRICULTURE; DALE BOSWORTH, in his official capacity as Chief of the U.S. Forest Service; UNITED STATES FOREST SERVICE; and GILBERT ZEPEDA, individually and in his official capacity as Forest Supervisor for the Santa Fe National Forest,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO DISMISS AND
## ORDERING ARBITRATION

THIS MATTER is before the Court on the motion of the United States to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b).  Having reviewed the briefs and being otherwise informed, the Court will Deny the motion.

*Discussion*

*Standard of Review*

In deciding a motion to dismiss pursuant to Federal Rule Civil Procedure 12(b), the Court should accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997); *Titus v. Sullivan*, 4 F.3d 590 (8th Cir. 1993) (all factual allegations concerning jurisdiction must be accepted). Dismissal is a harsh remedy to be cautiously applied. *Morey v. Miano*, 141 F. Supp. 2d 1061, 1062 (D.N.M. 2001). A Rule 12(b) motion should not be granted therefore "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court's function on a Rule 12(b) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief might be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

*Facts Accepted as True*

Plaintiff Rushing entered into the Lease Contract with Olan Key and Lamar Lamb in Cowles, New Mexico, on October 1, 1949. The initial term of the lease was for twenty-five years, beginning October 1, 1949, and ending October 1, 1974. Paragraph

one of the lease provisions further provides for successive renewals at the tenant's option, and states:

> Tenant shall have the right, as part of this lease, to a renewal thereof, upon the same terms and conditions, for successive periods of five (5) years at a time and nothing further shall be required for such renewal except the payment of the rental for the first year as herein provided, and such payment shall operate as binding upon both parties to a renewal for a term of five (5) years.

Pltf's Appl. Ord., Exh. A. Since expiration of the initial term of the lease on October 1, 1974, Plaintiff Rushing has timely exercised the renewal provision every five years, and he intends to continue to exercise his renewal right reserved to him under the terms of the original lease. (Pltf's Am. Appl. ¶ 12). The leased premises now contain several improvements, including two cabins connected by a breeze-way, a working well, stone retaining walls, and concrete sidewalks and patios.

On August 6, 1976, Defendant United States purchased private property, including the leased premises by warranty deed, from the successor to Olan Key and Lamar Lamb, the Cowles Limited Partnership. The once private land was then incorporated into the Santa Fe National Forest. After several renewals, Plaintiff Rushing received a letter in July 2003 notifying him that the lease had no further option of renewal and that the Forest Supervisor of the Santa Fe National Forest, Defendant Zepeda, would terminate the lease on October 1, 2004, pursuant to 36 C.F.R. § 251.54. In March 2004, Plaintiff Rushing notified Defendant Zepeda that he intended to exercise his right to renew the lease and in August 2004 made a timely delivery of the annual

lease payment. Defendant Zepeda acknowledged delivery of the lease payment but stated pursuant to 36 C.F.R. § 251.54 Plaintiff Rushing's lease was not renewable.

### *Arbitration*

Plaintiff seeks an order compelling arbitration pursuant to 9 U.S.C. § 4 or in the alternative § 44-7A-1 *et seq.* NMSA 1978 (2004 cum. supp.).

Paragraph fifteen of the lease says:

> In case of disagreement of the parties as to *whether a condition or requirement of this lease* has been violated and subjected the same to cancellation, the same shall be submitted to arbitration and the result of the Board of Arbitration shall be binding upon both parties hereto. Each party shall select one arbitrator. The two so selected shall select a third and shall make decision by two-thirds vote.

Pltf's Appl. Ord., Exh. A (emphasis added). Defendants collectively (hereinafter "the Government") argue the legal issue does not turn on "whether a condition or requirement of this lease has been violated." Rather, the Government relies on the regulations in the Code of Federal Regulations (C.F.R.) and its policies derived therefrom. Indeed, the letter of non-renewal from the Forest Service does not mention any lease violation, but rather cites 36 C.F.R. § 251.54 concluding:

> Those regulations specifically prohibit issuing authorizations for uses that "create an exclusive or perpetual right of use of occupancy." Continuing your lease for occupancy beyond the next termination date would clearly violate the provisions of both policy and regulations.

Pltf's Appl. Ord., Exh. G.

**Additionally, the Government maintains that New Mexico law does not favor perpetual leases and would require the lease language be construed to avoid a renewal in perpetuity, citing** *Burke v. Permian Ford-Lincoln-Mercury*, **621 P.2d 1119, 1121 (N.M. 1981);** *Drink, Inc. v. Martinez*, **556 P.2d 348 (N.M. 1976);** *see also* **Jay M. Zitter,** *Sufficiency of Provision of Lease to Effect Second or Perpetual Right of Renewal*, **29 A.L.R. 4th 172 (1984).**

**The fact that the Forest Service, which is primarily responsible for issuing the federal regulations upon which the denial is predicated, is also now the lessor tends to obscure the issue. However, like all others, a government buyer of real estate takes subject to pre-existing lease conditions.** *Mafidge v. United States*, **893 F. Supp. 691 (S.D. Tex. 1995). At base, therefore, in relying on the C.F.R. and the public policy presumption against perpetual leases Defendants are in no different position than their predecessor in title. In this situation, then, Defendants are contesting the arbitration requirement on grounds of public policy.**

**Before compelling an unwilling party to arbitrate, the Federal Arbitration Act requires the Court to conduct a limited review to determine that the dispute is arbitrable.** *PaineWebber Inc. v. Hartmann*, **921 F.2d 507 (3d Cir. 1990). A liberal federal policy exists in favor of arbitration agreements, and any "doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."** *National Am. Ins. Co. v. SCOR Reins. Co.*, **362 F.3d 1288, 1290 (10th Cir. 2004) (quoting** *Moses H. Cone*

5

*Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). In making its determination, the Court operates under a "presumption of arbitrability in the sense that 'an order to arbitrate the particular grievance should not be denied unless it may be said with *positive assurance* that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Id.* (quoting *AT&T Technologies v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986) (emphasis in original)).

The judicially created public policy exception to enforcement of an arbitration agreement is rooted in the common law prohibition against enforcing contracts which violate the law. *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001); *Seymour v. Blue Cross/Blue Shield*, 988 F.2d 1020, 1023 (10th Cir. 1993). The Supreme Court has, however, increasingly required such defenses proceed to arbitration unless specific congressional language bars such a procedure. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991); *Rodriguez de Quijas v. Shearson/American Exp., Inc.*, 490 U.S. 477 (1989); *Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220 (1987). The public policy defense has thus been subjected to arbitration under a variety of statutory schemes. *See, e.g., Daisy Mfg. Co. v. NCR Corp.*, 29 F.3d 389 (8th Cir. 1994) (civil RICO); *Gingiss Int'l, Inc. v. Bormet*, 58 F.3d 328 (7th Cir. 1995) (Lanham Act trademark); *Oldroyd v. Elmira Savings Bank, FSB*, 134 F.3d 72 (2d Cir. 1998) (whistleblower under FIRREA). At this point Defendants have directed the Court to no congressional authority prohibiting arbitration of Forest Service lease disputes.

*Johnson Controls, Inc. v. City of Cedar Rapids*, 713 F.2d 370 (8th Cir. 1983) (mere assertion of agency policy is insufficient to defeat arbitration).

Based on current federal law, the Court finds whether Plaintiff has an unlimited "right, as part of this lease to a renewal thereof, upon the same terms and conditions, for successive periods of five (5) years" or whether the asserted federal and New Mexico presumption against perpetual leases requires a more limited reading of the lease is a question subject to arbitration. Defendants' motion seeking to have this Court dismiss Plaintiff's petition must therefore be Denied.

## O R D E R

For the above stated reasons, IT IS ORDERED that Defendants' Motion to Dismiss be DENIED and this matter be held in abeyance subject to arbitration.

DATED this 10th day of February, 2005.

BRUCE D. BLACK
United States District Judge


For Plaintiff:
Charlotte H. Hetherington, SCHEUER YOST & PATTERSON, Santa Fe, NM

For Defendants:
David C. Iglesias, United States Attorney, John Zavitz, Assistant U.S. Attorney, Albuquerque, NM